FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES JEFFERSON KENNER, | No. 12-16143 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-00489-ECR-WGC |
| v. | |
| GREGORY SMITH; NEVADA ATTORNEY GENERAL, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Submitted April 7, 2014**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BENAVIDES,<sup>***</sup> TALLMAN, and CLIFTON, Circuit Judges.

Nevada prisoner James Jefferson Kenner argues that he was deprived of effective representation during proceedings associated with his conviction for felony driving under the influence, NEV. REV. STAT. § 484.3792 (Oct. 1, 2005). Having exhausted various arguments before the state courts, Kenner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. The district court denied the petition, and this court granted a certificate of appealability on the narrow issue of whether defense counsel "provided constitutionally deficient representation by failing to consult with Kenner regarding the advantages and disadvantages of an appeal."

A district court's denial of a petition for a writ of habeas corpus is reviewed de novo, and this court may affirm on any ground supported by the record. *Varghese v. Uribe*, 736 F.3d 817, 822–23 (9th Cir. 2013) (citations omitted). Because the arguments raised have already been rejected by the Nevada Supreme Court, we may grant relief only if that decision was "contrary to, or [ ] an unreasonable application of, clearly established Federal law;" or where the state court's conclusion was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). "As a condition for obtaining habeas corpus from a federal

---

<sup>***</sup>    The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Harrington v. Richter*, --- U.S. ----, 131 S. Ct. 770, 786–87 (2011).

After a thorough review of Kenner's case, we conclude that he is not entitled to relief. The state district court held an evidentiary hearing in which testimony was taken from four witnesses, including Kenner. Notwithstanding this fully developed record, the Nevada Supreme Court found no legal or factual support for Kenner's allegations of ineffective representation, and Kenner has not pointed us to any error in that record or the subsequent analysis. Nor do we find any. Consequently, because Kenner has not demonstrated that the state habeas adjudication was unreasonable or contrary to federal law, the decision "withstands scrutiny under § 2254(d)." *Hibbler v. Benedetti*, 693 F.3d 1140, 1150 (9th Cir. 2012) (referring to 28 U.S.C. § 2254).

AFFIRMED.